UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYRIN D. CARTER,

                    Plaintiff,

        v.

ALEX RICH, *et al.*,

                    Defendants.

CASE NO. 3:26-cv-05007-BHS-GJL

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND

The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Plaintiff Kyrin D. Carter, proceeding *pro se* and *in forma pauperis*, filed a civil rights Complaint under 42 U.S.C. § 1983. Dkt. 5. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court **DECLINES** to serve the Complaint, but provides Plaintiff with leave to file an amended pleading by **March 26, 2026**, to cure the deficiencies identified herein.

## I.    BACKGROUND

Plaintiff, a state prisoner currently located at Coyote Ridge Corrections Center ("CRCC") in Connell, Washington, filed a Complaint alleging two Counts against the Vancouver Police

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 1

Department and one of its employees, Deputy Officer Alex Rich, for violations of his constitutional rights and the Convention against Torture in connection with his arrest at the East Health Hospital in Vancouver, Washington. Dkt. 5.

In both Counts, Plaintiff alleges that on February 13, 2025, he was at the hospital as a patient when Defendant Rich responded to a 911 call from inside the hospital regarding an assault on a nurse. *Id*. at 4–5; 6. Thereafter, Defendant Rich entered Plaintiff's room to arrest him for the assault. *Id*. at 5; 6. Plaintiff was cooperative as Defendant Rich placed him in handcuffs and led him out of the hospital. *Id*. However, Plaintiff was not wearing shoes despite the cold temperature and ground covered in snow. *Id*. He asked Defendant Rich if he could put on shoes, but Rich responded, "No, not right now." *Id*. Defendant Rich refused again after Plaintiff tried to explain that he has a "medical condition" that requires shoes. *Id*. Instead, Rich forced Plaintiff to walk through the snow without shoes while Rich's partner followed behind holding Plaintiff's shoes in a bag. *Id*. at 5; 6–7.

As a result of his contact with the cold and snowy ground, Plaintiff claims to have suffered severe nerve pain in his right foot and severe pain in his left ankle where he has a metal plate. *Id*. at 5; 7. Plaintiff seeks monetary damages. *Id*. at 9; *see also* Dkt. 3-2.

## II.    DISCUSSION

**A.    Screening Standard**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 2

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Having review the Complaint, the Court notes the following deficiencies.

**B.      Improper Defendant – Vancouver Police Department**

Plaintiff names the Vancouver Police Department as a Defendant in this action. Dkt. 5. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). This definition includes municipalities, such as cities. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, courts have held that to bring an appropriate § 1983 action, plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, No. 3:15-cv-5877-BHS-KLS, 2017 WL 1294573, at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*, No. 3:17-cv-1715-MMA-MDD, 2017 WL 4960221, at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, CV-05-5120-LRS, 2006 WL 776772, at *5 (E.D. Wash. 2006).

Here, the Vancouver Police Department cannot be held liable under § 1983. The Police Department is an arm of the City of Vancouver – a municipality. Although Plaintiff could name

the City of Vancouver as a defendant, he cannot name a city department like the Police Department.

To the extent that Plaintiff may be trying to hold the City of Vancouver liable, a city may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, a plaintiff must show that city employees or agents acted through an official custom or policy that permits violation of the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690–91. Plaintiff has made no such allegations and, therefore, has also failed to state a claim against the City of Vancouver, even if the City of Vancouver was properly named as a defendant.

Based on the foregoing, the Court finds the Vancouver Police Department is not a proper defendant in this action. Therefore, the Court declines to serve Plaintiff's Complaint as to this Defendant.

**C.      Failure to State a Claim**

To state a claim for relief under 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West*, 487 U.S. at 48; *Crumpton*, 947 F.2d at 1420. A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). Moreover, a plaintiff in a § 1983 action must allege facts that show how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, in the Complaint, Plaintiff, now a sentenced state prisoner, alleges that he was arrested at the hospital where he had been receiving care and where he was subsequently accused of committing a crime.[1] Dkt. 5 at 5; 6. According to Plaintiff, Defendant Rich, the arresting officer, refused to permit Plaintiff to wear shoes while leaving the hospital. *Id*. Plaintiff alleges he attempted to explain to Defendant Rich that he has a "medical condition" that requires shoes, but Rich in turn forced Plaintiff outside to walk in the snow with no shoes. *Id*.

Based on these allegations, Plaintiff brings two claims, including (1) a claim under the Eighth Amendment for cruel and unusual punishment, and (2) a claim under the Convention against Torture ("CAT"). However, Plaintiff has not pled facts stating a facially plausible claim under either of these theories.

To allege an Eighth Amendment claim, Plaintiff must show that officials were deliberately indifferent to his health or safety by subjecting him to a substantial risk of serious harm. *Garnica v. Washington Dep't of Corr.*, 965 F. Supp. 2d 1250, 1264 (W.D. Wash. 2013), aff'd, 639 F. App'x 484 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Further, to the extent Plaintiff is claiming torture under CAT, the term "torture" is defined in Article 1 of CAT as,

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him for an act he or a third person has committed or is suspected of having committed, or intimidating or coercing him or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. It does not include pain or suffering arising only from, inherent in or incidental to lawful sanctions.

---

[1] Petitioner does not make clear whether he is a state prisoner convicted and sentenced solely for crime he describes in the Complaint, or whether he was already a convicted and sentenced state prisoner at the time he was receiving care in the hospital on February 13, 2025. *See* Dkt. 5.

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 5

Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, art. 1, Dec. 10, 1984, 1465 U.N.T.S. 85 (entered into force June 26, 1987).

Plaintiff does not provide sufficient factual allegations explaining how his rights under the Eighth Amendment or CAT were violated by Defendant Rich. By way of example, while Plaintiff claims Defendant Rich refused to let Plaintiff wear shoes while leaving the hospital, thus forcing him to walk in the snow, there are no further allegations regarding these circumstances, such as how long Plaintiff was forced to walk in the snow and whether Defendant Rich was being deliberately indifferent to a known serious risk of harm to Plaintiff by doing so. Similarly, Plaintiff's allegations do not rise to the level of torture as defined under CAT.

If Plaintiff chooses to file an amended complaint, he must set forth specific, plausible facts to support each of his claims. He must explain how those facts support a violation of his rights and specify when, where, and how any individual defendant personally participated in causing his alleged injuries. Plaintiff must also ensure that any amended complaint is a concise and organized document. *See* Fed. R. Civ. P. 8(a)(2) and (d)(1) (a complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct.").

**D.    Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

In this case, the Court finds Plaintiff should be afforded an opportunity to amend his Complaint to try to state a claim. Plaintiff's proposed amended Complaint, if any, should be filed on or before **March 26, 2026**.

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 6

### III.   CONCLUSION

Because of the deficiencies described above, the Court declines to serve the Complaint or to direct that an answer be filed. Plaintiff is, however, granted leave to amend his Complaint, if possible, to correct the identified deficiencies. **On or before March 26, 2026**, Plaintiff may submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **If no amended complaint is timely filed, or if Plaintiff files an amended complaint that fails to correct the deficiencies identified herein, the Court may recommend that this matter be dismissed**.

In light of the Court's Order declining to serve Plaintiff's Complaint (Dkt. 5), but providing him with leave to amend, Plaintiff's Motion for service by the U.S. Marshals (Dkt. 6) is **DENIED without prejudice**.

The Clerk is directed to send a copy of this Court's prisoner civil rights complaint form to Plaintiff, as well as copies of this Order to Plaintiff and to the Honorable Benjamin H. Settle.

Dated this 25th day of February, 2026.


Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 7